JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Center for Biological Diversity

**(b)** County of Residence of First Listed Plaintiff    Pima County, Arizona
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Perrin W. de Jong; Center for Biological Diversity; P.O. Box 6414; Asheville, NC 28816; (828) 252-4646  ///  Thomas Rist; Humphrey & Rist, LLP; 103 Fayette Avenue; Fayetteville, WV 25840; (304) 574-0222

## DEFENDANTS

Ryan Zinke, Secretary of the U.S. Department of the Interior; and the U.S. Fish and Wildlife Service

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☑ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - |    of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | ☐ 690 Other |    28 USC 157 |      3729(a)) |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |      Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine      Injury Product | |      New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark |      Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |      Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |      Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |      Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |      Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | | ☑ 893 Environmental Matters |
| |      Medical Malpractice |      Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |      Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |      Income Security Act |      or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |      Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | |      26 USC 7609 |      Agency Decision |
| ☐ 245 Tort Product Liability |      Accommodations    ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | |      State Statutes |
| |      Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |      Other    ☐ 550 Civil Rights |      Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
16 U.S.C. §§ 1533(a)(3)(A), 1540(g); 5 U.S.C. § 706
Brief description of cause:
Failure to designate critical habitat under the Endangered Species Act; 16 U.S.C. § 1533

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   06/19/2018

SIGNATURE OF ATTORNEY OF RECORD   /s/ Perrin W. de Jong

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>RYAN ZINKE, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No: _____<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.    Plaintiff Center for Biological Diversity ("the Center") challenges the failure of Defendants Secretary Ryan Zinke and the United States Fish and Wildlife Service ("FWS") to designate critical habitat for the Guyandotte River crayfish (*Cambarus veteranus*) and the Big Sandy crayfish (*Cambarus callainus*) under the Endangered Species Act ("ESA").  16 U.S.C. §§ 1531-1544.  These crayfish only live in portions of eastern Kentucky, southern West Virginia, and western Virginia, and they are highly imperiled due to declining water quality and habitat loss from coal mining and urban development within their watersheds.

2.    In response to a petition by the Center, on April 7, 2016, FWS published in the Federal Register a regulation to protect the Guyandotte River crayfish as an endangered species. 81 Fed. Reg. 20,450 (Apr. 7, 2016).  The same day, FWS published a regulation to protect the Big Sandy crayfish as a threatened species under the ESA.  *Id*.

3.      The ESA requires FWS to define and publish a final regulation designating each species' "critical habitat" within one year of listing the species as endangered or threatened.  16 U.S.C. § 1533(a)(3)(A)(i).  Critical habitat is defined as the areas that are "essential to the conservation of the species"—*i.e.*, those areas which are "essential" to the species' survival and recovery.  *Id.* § 1532(5)  Yet to date FWS has failed to designate critical habitat for the Guyandotte River crayfish or the Big Sandy crayfish.  The Center therefore brings this lawsuit to enforce these nondiscretionary requirements of the ESA.  *Id.* § 1540(g)(1)(C).

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under the ESA's citizen suit provision), 5 U.S.C. § 702 (review of agency action under the Administrative Procedure Act ("APA"), and 28 U.S.C. § 1331 (federal question jurisdiction).

5.      The Court may grant the requested relief under the APA at 5 U.S.C. §§ 701-706; the ESA, 16 U.S.C. § 1540(g); and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

6.      By letter dated March 28, 2018, the Center provided 60 days' notice of this suit pursuant to the citizen-suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C).  Defendants have not remedied the violations to date, thus an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

7.      Venue is proper in this court pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e).  A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of West Virginia.

## PARTIES

8.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit organization that is dedicated to the preservation, protection, and restoration of biological diversity, native species, and ecosystems.  The Center is incorporated in California and headquartered in Tucson, Arizona, with offices in Alaska, Arizona, California, Colorado, the District of Columbia, Florida, Hawai'i, Idaho, Minnesota, Nevada, New Mexico, New York, North Carolina, Oregon, Washington, and Mexico.  In 2010, the Center filed a petition with FWS to list the Guyandotte River crayfish and the Big Sandy crayfish under the ESA, and in response, FWS listed these species in 2016.   CENTER FOR BIOLOGICAL DIVERSITY, PETITION TO LIST 404 AQUATIC, RIPARIAN AND WETLAND SPECIES FROM THE SOUTHEASTERN UNITED STATES (2010), http://www.biologicaldiversity.org/programs/biodiversity/1000_species/the_southeast_freshwater_extinction_crisis/pdfs/SEPetition.pdf.  The Center brings this suit on behalf of itself and its members.

9.     The Center's members have educational, scientific, recreational, aesthetic, and moral interests in the Guyandotte River crayfish, the Big Sandy crayfish, and their habitat.  The Center's members use and enjoy, and will continue to use and enjoy, areas of the species' current and historical range.  These members have visited and have concrete plans to return to streams where the Guyandotte River crayfish and the Big Sandy crayfish once occurred or may still be found, visiting these areas to engage in recreational and scientific activities, and to attempt to view the species in its natural habitat.  These include areas where the species may be recovered one day if protected as critical habitat under the ESA.  Defendants' failure to designate critical habitat, which is defined to include areas that are essential to the recovery as well as survival of endangered and threatened species, has injured and continues to harm the Center's interests in

3

these species' conservation.  Defendants' failure to comply with this nondiscretionary obligation under the ESA relegates these species to small portions of their former range and impedes their recovery in the wild.  The relief sought would redress the Center's injuries.

10.     Defendant RYAN ZINKE is the Secretary of the United States Department of Interior.  As such, he is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including proposed and final critical habitat designations.  Secretary Zinke is sued in his official capacity.

11.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for most freshwater aquatic species and promptly complying with the ESA's mandatory critical habitat designation deadlines.  Defendants will be collectively referred to as "FWS."

## LEGAL BACKGROUND

12.     Among the purposes of the ESA are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b).  To this end, ESA section 4 requires that the Secretary protect such species by listing them as either "threatened" or "endangered," and by designating "critical habitat" for each listed threatened or endangered species at the time the species is listed.  *Id*. § 1533.

13.     "Conserve" and "conservation," as defined in the ESA, "mean to use and the use of all methods and procedures necessary to bring any endangered species or threatened species to the point at which the measures provided [by the ESA] are no longer necessary."  *Id*. § 1532(3).

14.     However, before the ESA can protect a species facing extinction or that species' habitat, the species must be listed as either "endangered" or "threatened." *Id.* § 1533(d).

15.     A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6).  A species is threatened if it is "likely to become an endangered species within the foreseeable future." *Id.* § 1532(20).  The listing process is the essential first step in the ESA's system of species protection and recovery.  50 C.F.R. § 424.11.

16.     When FWS determines that a species is endangered or threatened, it must "concurrently" designate critical habitat.  16 U.S.C. § 1533(a)(3)(A)(i).  Critical habitat is defined as:

> (i) the specific areas within the geographical area occupied by the species, at the time it is listed in accordance with the [Act], on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection; and

> (ii) specific areas outside the geographical area occupied by the species at the time it is listed in accordance with the provisions of section 1533 of this title, upon a determination by the Secretary that such areas are essential for the conservation of the species.

*Id.* § 1532(5)(A).

17.      The ESA provides only two exceptions to FWS's duty to designate critical habitat concurrently with listing:  (1) where critical habitat is not "determinable," or (2) where it would not be "prudent" to designate critical habitat.  *Id.* § 1533(a)(3).

18.     If FWS determines that critical habitat is not "determinable" at the time of listing, it must designate critical habitat within one year of the date of listing "based on such data as may be available at that time."  *Id.* § 1533(b)(6)(C)(ii).

19.     Designation of critical habitat for listed species provides substantive legal protections that are in addition to those provided for species that are listed as endangered or

threatened but no designated critical habitat.  All federal agencies must consult with FWS to "insure that any action" that they authorize, fund, or carry out "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [its critical] habitat."  *Id.* § 1536(a)(2).

## STATEMENT OF FACTS

**A.    The Guyandotte River Crayfish and Big Sandy Crayfish**

20.    The Guyandotte River crayfish is a three- to four-inch freshwater crustacean that is known for its green, turquoise, red, and blue colors.  Although it once inhabited much of the clean, fast-flowing streams of the Upper Guyandotte River basin, today it is only found in two small streams in Wyoming County, West Virginia, representing eight percent of its historic range.  81 Fed. Reg. at 20,459, 20,461-62.

21.    The Big Sandy crayfish is very similar in appearance and closely related to the Guyandotte River crayfish.  The Big Sandy crayfish also inhabits larger, clean, fast-flowing streams, and has lost 62 percent of its historic range in the Upper Big Sandy River drainage in eastern Kentucky, southern West Virginia, and southwestern Virginia.  *Id.* at 20,459-61.

22.    The Guyandotte River crayfish and the Big Sandy crayfish require large, clean streams with abundant slab boulders atop sand, cobble, or bedrock substrates.  They shelter in shallow burrows beneath boulders and loose cobbles on stream bottoms.  Both species are intolerant of sedimentation of their stream-bottom habitat.  Extirpation of these species has been documented where stream bottoms have been buried in sediment.  *Id.* at 20,459.

23.    The existence of the Guyandotte River crayfish and Big Sandy crayfish is threatened by habitat loss and degradation, primarily from coal mining, including mountaintop removal, as well as logging and oil and gas extraction.  *Id.* at 20,466-68, 20,471-72.  These

6

extractive activities drastically change the stream-bottom habitats these crayfish require, burying their necessary shelter in sediment and degrading water quality through toxic pollution. *Id.* Sedimentation due to erosion from roads and residential and commercial development also threatens the crayfish. *Id.* at 20,468-72.

24. Dams have eradicated more than 120 river miles of these species' former range by transforming their free-flowing habitats into stagnant waters, fragmenting their remaining range, and isolating crayfish populations. *Id.* at 20,472, 20,477. This isolation depresses the genetic diversity of remaining populations, thus reducing their resiliency to ongoing threats. *Id.*

25. FWS concluded that existing state and federal regulatory mechanisms for protecting water quality are inadequate to prevent the ongoing destruction of these species' habitat and their extirpation from their historic range. *Id.* at 20,473.

26. FWS concluded that both of these species are now at risk of disappearing forever, due primarily to land disturbing activities and their small population size. *Id.* at 20,478.

**B.      Protection Under the Endangered Species Act**

27. The Center petitioned for protection of the Big Sandy crayfish as an endangered or threatened species on April 20, 2010, as provided under the ESA. 16 U.S.C. §1533(b); 50 C.F.R. §424.14(a).

28. FWS issued a finding on September 27, 2011, determining listing the Big Sandy crayfish may be warranted under the ESA. 76 Fed. Reg. 59,836 (Sept. 27, 2011).

29. In 2014, genetic analysis revealed that the taxa formerly known as the "Big Sandy crayfish" comprises two species of crayfish. Consequently, Big Sandy crayfish is now called the Guyandotte River crayfish in a portion of its range. 80 Fed. Reg. 18,710, 18,711-12 (Apr. 7, 2015).

30.     On April 7, 2015, FWS published a proposed rule to list the Guyandotte River crayfish as endangered, and the Big Sandy crayfish as threatened under the ESA.  *Id.* at 18,710. In this proposed rule, FWS determined that designating critical habitat was "prudent but not determinable" at that time.  *Id.* at 18,738.

31.     On April 7, 2016, FWS published a final rule in the Federal Register listing the Guyandotte River crayfish as endangered under the ESA.  81 Fed. Reg. 20,478 (Apr. 7, 2016).

32.     On April 7, 2016, FWS also listed the Big Sandy crayfish as threatened under the ESA. *Id.*

**C.   Failure to Designate Critical Habitat**

33.     More than three years has passed since FWS determined that designating critical habitat for these two species of crayfish was prudent but not determinable.

34.     More than two years has passed since FWS listed both species under the ESA.

35.     As of the date of this filing, FWS has not designated critical habitat for the Guyandotte River crayfish.  As a result, FWS is more than one year overdue in designating critical habitat for the Guyandotte River crayfish.

36.     As of the date of this filing, FWS has not designated critical habitat for the Big Sandy crayfish.  As a result, FWS is more than one year overdue in designating critical habitat for the Big Sandy crayfish.

**FIRST CLAIM FOR RELIEF**
**(Failure to Designate Critical Habitat for the Guyandotte River Crayfish)**

37.     Paragraphs 1–36 are incorporated herein by reference.

38.     Under Section 4 of the ESA, FWS must either designate critical habitat for a species at the time of listing or, if critical habitat is not determinable at the time of listing, designate critical habitat within one year of listing. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C)(ii).

39.     More than two years have passed since FWS listed the Guyandotte River crayfish under the ESA, yet FWS has failed to designate critical habitat for this species.

40.     This omission violates FWS's non-discretionary duties under Section 4 of the ESA within the meaning of 16 U.S.C. § 1540(g)(1)(C).  These actions are also arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and/or they constitute agency action unlawfully withheld or unreasonably delayed under the APA. 5 U.S.C. § 706.

## SECOND CLAIM FOR RELIEF
### (Failure to Designate Critical Habitat for the Big Sandy Crayfish)

41.     Paragraphs 1–36 are incorporated herein by reference.

42.     Under Section 4 of the ESA, FWS must either designate critical habitat for a species at the time of listing or, if critical habitat is not determinable at the time of listing, designate critical habitat within one year of listing. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C)(ii).

43.     More than two years have passed since the FWS listed the Big Sandy crayfish under the ESA, yet FWS has failed to designate critical habitat for this species.

44.     This omission violates FWS's non-discretionary duties under Section 4 of the ESA within the meaning of 16 U.S.C. § 1540(g)(1)(C).  These actions are also arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and/or they constitute agency action unlawfully withheld or unreasonably delayed under the APA. 5 U.S.C. § 706.

## PRAYER FOR RELIEF

For the above reasons, Plaintiff respectfully requests this Court enter judgment providing for the following relief:

1.     Declaratory judgment that FWS violated the ESA and APA by failing to timely designate critical habitat for the Guyandotte River crayfish;

2.      Declaratory judgment that FWS violated the ESA and APA by failing to timely designate critical habitat for the Big Sandy crayfish;

3.      Injunctive relief requiring the FWS to designate critical habitat for the Guyandotte River crayfish;

4.      Injunctive relief requiring the FWS to designate critical habitat for the Big Sandy crayfish;

5.      An order awarding the Center its costs of litigation, including reasonable attorneys' fees as provided in the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6.      Such other relief as this Court deems just and proper.


Dated: June 19, 2018                                    Respectfully submitted,


                                                        */s/ Thomas A. Rist*
                                                        Thomas Rist
                                                        WV Bar No. 9100
                                                        Humphrey & Rist, LLP
                                                        103 Fayette Avenue
                                                        Fayetteville, WV 25840
                                                        Telephone: (304) 574-0222
                                                        Email: tom@humphreyrist.com

                                                        */s/ Perrin W. de Jong*
                                                        Perrin W. de Jong (*pro hac vice* pending)
                                                        NC Bar No. 42773
                                                        CENTER FOR BIOLOGICAL DIVERSITY
                                                        P.O. Box 6414
                                                        Asheville, NC 28816
                                                        Telephone: (828) 252-4646
                                                        Facsimile: (888) 277-4929
                                                        Email: perrin@biologicaldiversity.org

                                                        *Counsel for Plaintiff*

10